FILED
United States Court of Appeals
Tenth Circuit

October 28, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LOUIS GARCIA,

    Petitioner - Appellant,

v.

HECTOR RIOS; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

    Respondents - Appellees.

No. 23-2200
(D.C. No. 2:22-CV-00507-KWR-KK)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Louis Garcia, proceeding pro se,[1] seeks a certificate of appealability (COA) to

appeal the district court's dismissal of his petition under 28 U.S.C. § 2254.  We deny a

COA and dismiss this matter.

In March 2014, Mr. Garcia pleaded guilty to the unlawful withdrawal or use or

theft of an ATM or debit card, a fourth-degree felony in New Mexico.  The state court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Because Mr. Garcia appear[s] pro se, we liberally construe his pleadings. Nevertheless, he . . . must comply with the same rules of procedure as other litigants." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (internal citations omitted). And in the course of our review, "[w]e will not act as his counsel, searching the record for arguments he could have, but did not, make . . . ." *Id.*

sentenced him to eighteen months' imprisonment followed by one year of parole. The state court ordered the sentence suspended and placed Mr. Garcia on supervised probation for a term of eighteen months.

Approximately six months later, the state sought to revoke Mr. Garcia's probation because police arrested him on new charges of sexually abusing a minor. On September 1, 2015, the state court revoked Mr. Garcia's probation. Mr. Garcia did not appeal the revocation order.

More than six years later, Mr. Garcia sought habeas relief regarding the revocation order. The state court dismissed his petition, and the New Mexico Supreme Court denied certiorari. Mr. Garcia then filed the § 2254 petition underlying this appeal.

The district court screened the petition and concluded it was subject to dismissal for two reasons: (1) it was time-barred, *see* 28 U.S.C. § 2244(d)(1)(A); and (2) the court lacked jurisdiction because Mr. Garcia was no longer "in custody" under the revocation order but instead his imprisonment was due to the new child sex abuse charge, *see Harvey v. Shillinger*, 76 F.3d 1528, 1537 (10th Cir. 1996) (concluding for § 2254 jurisdictional purposes, habeas petitioner must be under a "present restraint from a challenged conviction at the time of the filing of the habeas petition" (internal quotation marks omitted)). The district court ordered Mr. Garcia to show cause why it should not dismiss the petition. The district court also instructed Mr. Garcia that, if he intended to pursue the theory that the State improperly enhanced his sentence on the sex abuse charge with the revocation order, he would need to amend his habeas petition.

2

Mr. Garcia filed a response addressing only the timeliness issue. He did not amend his habeas petition. The district court rejected Mr. Garcia's arguments on timeliness and dismissed the § 2254 petition on both of the grounds set forth in the show-cause order. *See* R. at 301–02 ("[T]he Petition is untimely and fails to satisfy the in-custody requirement. The Response has not overcome the time bar and it did not address the in-custody requirement." (internal citations omitted)). This COA application followed.

To appeal the denial of his § 2254 petition, Mr. Garcia must obtain a COA by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Like his response to the show-cause order, Mr. Garcia's COA application challenges only one ground for the district court's ruling: timeliness. He does not address the second ground for dismissal of his petition: the in-custody requirement. "If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020).

We deny a COA and dismiss this matter. Even if Mr. Garcia prevailed on the timeliness issue, we would affirm the district court's judgment based on Mr. Garcia's

failure to address the ruling that he did not satisfy the in-custody requirement.  We grant

Mr. Garcia's motion to proceed *in forma pauperis*.

Entered for the Court


Joel M. Carson III
Circuit Judge